## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MIDFIRST BANK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 2:25-cv-72** |
| | § | |
| **BRANDI BERRY AS GUARDIAN OF** | § | |
| **MINOR G.S. and DAKOTA EPPS AS** | § | |
| **GUARDIAN OF MINOR B.S.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## <u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

Plaintiff MidFirst Bank ("MidFirst" or "Plaintiff") complaining of Brandi Berry as guardian of G.S., a minor child, and Dakota Epps as guardian of B.S., a minor child ("Defendants"), files this *Original Complaint*, and states as follows:

### I.    PARTIES

1.    Plaintiff is a "mortgagee" as is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2.    Seth Garrett Smith ("Decedent") is the borrower under the loan agreement described below. Decedent passed away on or about April 2, 2023. Upon information and belief, no probate is open for his estate in the county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3.    Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedent's estate, including an undivided interest in the Property, immediately upon death. Each

Heir is made a party in this proceeding.

4.      Defendant Brandi Berry is the mother and guardian of G.S., a minor child and heir of Decedent. She is a citizen of the state of Texas and may be served with process at 412 E. Louisiana Street, Apt. B, Brazoria, Texas 77422, or at such other place where she may be found. Summons is requested.

5.      Defendant Dakota Epps is the mother and guardian of B.S., a minor child and heir of Decedent. She is a citizen of the state of Texas and may be served with process at 5857 Sweet Water Road, Robstown, Texas 78380, or at such other place where she may be found. Summons is requested.

## II.      PROPERTY

6.      This proceeding concerns the real property and improvements commonly known as 6199 N. Sandy Hollow, Sandia, Texas 78383 (The "Property"), and more particularly described as follows:

> LOT ONE (1), BLOCK FOUR (4), SANDY HOLLOW UNIT 2, AN ADDITION NEAR THE CITY OF CORPUS CHRISTI, NUECES COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 36, PAGES 153-159, MAP RECORDS OF NUECES COUNTY, TEXAS.

## III.      DIVERSITY JURISDICTION AND VENUE

7.      This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

8.      MidFirst Bank is a federally chartered savings association. A federally chartered savings association is considered a citizen of the state in which its home office is located. 12 U.S.C. § 1464. Its location is determined by the state of its main office, as established in the bank`s articles

of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). MidFirst Bank is, and at all times relevant to this action was a federally chartered savings association with its main office located in Oklahoma City, Oklahoma. Thus, Plaintiff is a citizen of Oklahoma, and no other state, for purposes of diversity jurisdiction.

9.      Defendants are individuals and citizens of the state of Texas.

10.     In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

11.     When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

12.     Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of

the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Nueces County Appraisal District values the Property at $221,011.00.

13.    Venue is proper in the Southern District of Texas, Corpus Christi Division, because this suit concerns title to real property located in Nueces County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

## IV.    FACTS

14.    The foregoing paragraphs are incorporated by reference for all purposes.

15.    On or about April 29, 2016, Seth Garrett Smith ("Borrower") executed a certain *Note* in the principal amount of $129,609.00 at an interest rate of 4.125% per annum, originally payable to WR Starkey Mortgage, LLP, as lender on a loan secured by the Property.  A true and correct copy of the Note is attached hereto as **Exhibit A**.

16.    Concurrently with the execution of the Note, Borrower executed a certain *Deed of Trust* ("Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for WR Starkey Mortgage, LLP, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the official public records of Nueces County, Texas, as Instrument No. 2016018301 on May 5, 2016.  A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

17.    On June 10, 2021, Borrower executed a Subordinate Deed of Trust in the principal sum of $10,160.62 in favor of HUD. The Subordinate Deed of Trust was recorded in the official public records of Nueces County, Texas, as Instrument No. 2021-2021034416. A true and correct copy of the Subordinate Deed of Trust is attached hereto as **Exhibit C**.

18.     Subsequently, MERS, as nominee for WR Starkey Mortgage, LLP, and its successors and assigns, transferred and assigned the Loan Agreement to Plaintiff. The *Corporate Assignment of Deed of Trust* was recorded in the official public records of Nueces County, Texas, as Instrument No. 2023023967 on June 30, 2023. A true and correct copy of the assignment is attached hereto as **Exhibit D**.

19.     Plaintiff is the current legal owner and holder of the Note. Plaintiff is also the mortgagee of the Security Instrument as that term is defined in section 51.0001 (4) of the Texas Property Code.

20.     On or about April 2, 2023, Seth Garrett Smith passed away. Upon information and belief, no probate has been opened for him. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs at law acquired all his interest in the Property immediately upon death, subject to the Loan Agreement debt owed to Plaintiff.

21.     Under the terms of the Loan Agreement, Borrower is required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

22.     The Loan Agreement further provides that should Borrower fail to make payments on the Note as they became due and payable or fail to comply with any or all covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

23.     The Loan Agreement is currently due for March 1, 2024, and all subsequent monthly payments. On June 24, 2024, a notice of default was sent via certified mail to Borrower at the Property address in accordance with the Loan Agreement and the Texas Property Code. The

notice of default advised that in order to cure the default, a payment for the entire total amount past due, any amount in the interim must be received on or before July 29, 2024, and that failure to cure the default on or before the date specified would result in acceleration of the sums secured by the Security Instrument and sale of the Property. A true and correct copy of the notice of default is attached hereto as **Exhibit E**.

24.    The default was not cured, and the maturity of the debt was accelerated. On November 25, 2024, Plaintiff, through its counsel, sent a *Notice of Acceleration of Loan Maturity* via certified mail to the Property address in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit F.**

25.    Plaintiff now brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V. CAUSE OF ACTION- DECLARATORY JUDGMENT

26.    The foregoing paragraphs are incorporated by reference for all purposes.

27.    Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

## VI. CAUSE OF ACTION - ENFORCEMENT OF STATUTORY PROBATE LIEN

28.    The foregoing paragraphs are incorporated by reference for all purposes.

29.     Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

     a.  TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

     *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

     b.  TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

     *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

     c.  TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

     *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

30.     Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interests in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### VII. CAUSE OF ACTION- NON-JUDICIAL FORECLOSURE

31.     The foregoing paragraphs are incorporated by reference for all purposes.

32.     Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the

terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired and/or have a potential interest in the Property subject to Decedent's debts.

33.     A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

## VIII. CAUSE OF ACTION- JUDICIAL FORECLOSURE

34.     The foregoing paragraphs are incorporated by reference for all purposes.

35.     In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

36.     Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of the county where the Property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rules of Civil Procedure 309.

## IX. CAUSE OF ACTION - ATTORNEY'S FEES

37.     Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the Loan, and Texas Civil Practice and

Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Deed of Trust.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Deed of Trust and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property.

c. Attorney fees and costs of suit; *and*

d. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By:   _/s/ John M. Gregory_____
**JOHN M. GREGORY**
Texas Bar No. 24138787
jgregory@mwzmlaw.com

**CRYSTAL G. GIBSON**
Texas Bar No. 24027322
cgibson@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Lee Parkway, Ste. 900
Lee, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**